### 10131

#### STATE v. HEARST *ET AL.*

#### (98 S. E. 127.)

CRIMINAL LAW—INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE.—Instruction explaining difference between direct and circumstantial evidence, stating that State "relies upon certain circumstances from which it expects the jury to draw the inferences of guilt," was not objectionable on ground that State had no right to expect defendant to be found guilty.

Before SHIPP, J., Abbeville, Spring term, 1918. Affirmed.

John Hearst and George Carter were convicted of grand larceny, and they appeal.

*Mr. Howard Moore,* for appellants.

*Mr. Solicitor H. S. Blackwell,* for the State.

January 25, 1919.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Appellants were convicted of grand larceny, the theft of a bale of cotton. The State relied entirely upon circumstantial evidence. The Court instructed the jury that the accused were presumed to be innocent until their guilt was established to the satisfaction of the jury beyond a reasonable doubt. The Court then explained the difference between direct and circumstantial evidence, and clearly and correctly stated the rules by which the jury should be guided in the consideration of circumstantial evidence. In the course of the charge the Court said:

"There is no direct testimony here that the defendants stole this bale of cotton. No witness has gotten on the stand and sworn that he saw these defendants take the cotton and carry it away, but the State has relied upon circumstantial testimony; that is, it relies upon certain circumstances from which it expects the jury to draw the inference of guilt."

Appellants assign error in the last sentence quoted, to wit, that the State "relies upon certain circumstances from which it expects the jury to draw the inference of guilt." They argue that this was error, because, in no case does the State expect the jury to find a defendant guilty, but it is the duty of the State merely to lay the facts and circumstances before the jury for their consideration. The objection is wholly unfounded. The instruction was neither erroneous nor prejudicial. To what purpose would the State introduce any evidence, if it did not expect the jury to draw from it an inference of guilt?

Judgment affirmed.